UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

REBECCA MAHAR, §
 §
  Plaintiff, §
 § Case No.: 1:14-cv-00582
  v. §
 § COMPLAINT AND DEMAND
GC SERVICES, LP, § FOR JURY TRIAL
 §
  Defendant. § (Unlawful Debt Collection Practices)
 §

## COMPLAINT

REBECCA MAHAR ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* ("TDCA") and Texas common law.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Defendant regularly conducts business in the State of Texas therefore personal jurisdiction is established.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

6. Plaintiff is an adult individual residing in Johnson City, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code Ann. § 392.301(a)(8).

7. Defendant is a Texas business entity with its principal place of business located at 6330 Gulfton Drive, Houston, Texas 77081.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all times material hereto, Defendant contacted Plaintiff in an effort to collect a consumer debt originally owed to Sallie Mae, a student loan provider.

11. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

12. Beginning in July 2013 continuing through August 2013, Defendant's collectors placed repeated and continuous telephone calls to Plaintiff's cellular and work telephone numbers.

13. Defendant's collectors called Plaintiff from telephone numbers, including but not limited to, (512) 549-8193 and (512) 782-0066, which the undersigned has confirmed belongs to Defendant.

14. On average, Defendant's collectors called Plaintiff's cellular telephone two times per day, despite requests by Plaintiff not to be contacted by telephone.

15. Once Defendant was aware that Plaintiff did not wish to be contacted by telephone there was no reason for further calls, except for the purposes of harassment.

16. Defendant's collectors also called Plaintiff's place of employment and spoke with her employer seeking information regarding Plaintiff's location and salary.

17. During its call with Plaintiff's employer, Defendant revealed that it was a debt collector and that Plaintiff owed a debt. Defendant also advised Plaintiff's employer that it was seeking to garnish Plaintiff's wages. However, when Plaintiff's employer requested that Defendant provide documentation to support its garnishment request, Defendant hung up the telephone.

18. Based upon information provided and belief, Defendant had no intention to actually garnish Plaintiff's wages. Instead, Defendant made these threats with the intent to harass, oppress, and abuse Plaintiff.

19. Plaintiff was extremely embarrassed and made to feel ashamed when she learned that facts about her private financial obligations had been disclosed to her employer.

20. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21. Defendant's actions in attempting to collect the alleged debt were taken with the intent to harass, annoy and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692b(2) OF THE FDCPA

22. A debt collector violates § 1692b(2) by stating that a consumer owes any debt while communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

23. Defendant violated § 1692b(2) when it disclosed to Plaintiff's employer, while attempting to locate Plaintiff, that it was a debt collector attempting to collect a debt owed by Plaintiff.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA

24. A debt collector violates § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy.

25. Defendant violated § 1692c(b) when it contacted Plaintiff's employer, while attempting to collect a debt from Plaintiff, and disclosed adverse information pertaining to Plaintiff's financial obligations.

## COUNT III
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that its calls were unwanted; when it disclosed to Plaintiff's employer that Plaintiff owed a debt; and, when it threatened to garnish Plaintiff's wages without the actual intent to take such action.

## COUNT IV
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

28. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; and, when it continued to call Plaintiff after being advised that the calls were unwanted.

## COUNT V
## **DEFENDANT VIOLATED § 1692e OF THE FDCPA**

30. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Defendant violated § 1692e when it threatened to garnish Plaintiff's wages, even though Defendant never actually intended to take such action.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(4) OF THE FDCPA**

32. A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person, unless such action is lawful and the debt collector or creditor intends to take such action.

33. Defendant violated § 1692e(4) when it threatened to garnish Plaintiff's wages, even though Defendant never actually intended to take such action.

**COUNT VII**
**DEFENDANT VIOLATED § 1692e(10) OF THE FDCPA**

34. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated § 1692e(10) when it threatened to garnish Plaintiff's wages, even though Defendant never actually intended to take such action.

**COUNT VIII**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

36. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendant violated § 1692f when it harassed Plaintiff by its unwanted attempts to communicate with her; when it called Plaintiff's place of employment and disclosed embarrassing information regarding Plaintiff to her employer; and when it threatened to take adverse actions against Plaintiff unless she paid the debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IX
## DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA

38. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT X
### DEFENDANT VIOLATED § 392.302(4) OF THE TDCA

40. A debt collector violates § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

41. Defendant violated § 392.302(4) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; and, when it continued to call Plaintiff after being advised that the calls were unwanted.

## COUNT XI
### DEFENDANT VIOLATED § 392.303(a)(2) OF THE TDCA

42. A debt collector violates § 392.303(a)(2) by using unfair or unconscionable means to collect a debt.

43. Defendant violated § 392.303(a)(2) when it harassed Plaintiff by its unwanted attempts to communicate with her; when it called Plaintiff's place of employment and disclosed embarrassing information regarding Plaintiff to her employer; and when it threatened to take adverse actions against Plaintiff unless she paid the debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT XII
### DEFENDANT VIOLATED § 392.304(a)(8) OF THE TDCA

44. A debt collector violates § 392.304(a)(8) by making fraudulent, deceptive or misleading representations when collecting a debt.

45. Defendant violated § 392.304(a)(8) when it threatened to garnish Plaintiff's wages, even though Defendant never actually intended to take such action.

- 8 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, REBECCA MAHAR, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REBECCA MAHAR, demands a jury trial in this case.

DATED:  June 20, 2014

KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com